# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| JESUS ADAM LEON, | No. SA CV 18-903-DMG (PLA) |
| Petitioner, | **ORDER ACCEPTING FINDINGS,** |
| v. | **CONCLUSIONS, AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |
| CHARLES CALLAHAN, Warden, | |
| Respondent. | |

On March 4, 2019, the United States Magistrate Judge issued a Report and Recommendation ("R&R"), recommending that respondent's Motion to Dismiss be granted, and that petitioner's First Amended Petition for Writ of Habeas Corpus be denied and dismissed with prejudice as untimely. [Doc. # 22.] On June 26, 2019, petitioner filed Objections to the R&R. [Doc. # 29.]

The bulk of the arguments that petitioner makes in his Objections is sufficiently addressed in the Magistrate Judge's R&R. A few of his arguments, however, warrant further discussion. For example, petitioner contends that the Magistrate Judge erred in finding that petitioner was not entitled to statutory tolling for any period during which his third state habeas petition was pending in the California Supreme Court. [Doc. # 29 at 9.] Petitioner believes that the Magistrate Judge found that petitioner was entitled to no statutory tolling during that period because "the [68] day

gap between the court of appeal's denial [of his second state habeas petition] and petitioner's subsequent filing of his habeas petition in the [California] Supreme Court was unreasonable." Id. This finding was erroneous, according to petitioner, for several reasons. First, petitioner notes that the 68-day gap between the denial of his second state habeas petition and the filing of his third state habeas petition was only eight days "over the [36] day 'benchmark' established by the United State Supreme Court. . . ." Id. Second, petitioner maintains that the eight-day delay in excess of that benchmark was justified by the fact that petitioner had no access to his property "for [eight] days while [he] was being transferred" between prisons. Id. at 10. Third, petitioner asserts that the Magistrate Judge's finding with respect to the 68-day delay conflicts with the Magistrate Judge's finding regarding petitioner's first state habeas petition. Id. at 13. Specifically, petitioner asserts that the Magistrate Judge found that petitioner's first state habeas petition was timely, even though it was not filed until 363 days of the AEDPA one-year limitations period had elapsed. Id. Citing this finding, petitioner concludes that the Magistrate Judge effectively was precluded from finding that the much shorter 68-day delay between the denial of petitioner's second state habeas and the filing of his third state habeas petition was unreasonable. Id.

These arguments are meritless because they are premised on a flawed understanding of the Magistrate Judge's R&R. Contrary to petitioner's assertions, the Magistrate Judge made no findings as to the timeliness of either petitioner's first state habeas petition or his third state habeas petition. Rather, the Magistrate Judge merely set forth the findings of the state courts. As to petitioner's first state habeas petition, the state superior court did not reject it as untimely, but instead rejected it in a reasoned opinion. See Lodgment No. 6. As to petitioner's third state habeas petition, the California Supreme Court rejected that petition as untimely. Although the Magistrate Judge analyzed the impact of the state courts' findings in determining whether and to what extent petitioner was entitled to statutory tolling, the Magistrate Judge made no independent findings as to whether any of petitioner's state court habeas petitions was timely or not.

Moreover, there is no merit to petitioner's argument that the Magistrate Judge based his conclusions on the 68-day delay between the denial of petitioner's second state habeas petition and the filing of his third state habeas petition. This argument is, no doubt, premised on the United

States Supreme Court's instruction to lower courts about what is "reasonable" in terms of the intervals between the denial of a petition in one state court and the filing of a subsequent petition in a higher state court for purposes of gap tolling. Because California has never definitively stated what is "reasonable" in terms of such intervals, the Supreme Court has instructed lower courts to assume that, for purposes of gap tolling, California law does not differ significantly from other states with determinate timeliness rules. Evans v. Chavis, 546 U.S. 189, 198, 126 S. Ct. 846, 163 L. Ed. 2d 684 (2006). Therefore, unjustified filing delays longer than 30 to 60 days are unreasonable. Chaffer v. Proper, 592 F.3d 1046, 1048 (9th Cir. 2010) (per curiam). Accordingly, a petitioner is entitled to no statutory tolling for such delays, although the petitioner is entitled to statutory tolling while the petition is actually pending -- assuming that the petition was properly filed and that the AEDPA limitations period had not run before the petition was filed. See id.

This law, however, is inapplicable here because the Magistrate Judge did not find that the 68-day delay between the denial of petitioner's second state habeas petition and the filing of his third state habeas petition entitled petitioner to no gap tolling for that period. Rather, relying on the California Supreme Court's order rejecting petitioner's third state habeas petition as untimely, the Magistrate Judge correctly concluded that petitioner was not entitled to statutory tolling for any period during which the third state habeas petition was pending because that petition was not properly filed. See 28 U.S.C. § 2244(d)(2); Bonner v. Carey, 425 F.3d 1145, 1148-49 (9th Cir. 2005), amended, 439 F.3d 993 (9th Cir.) (holding that state court's untimeliness determination renders petition not "properly filed" within meaning of 28 U.S.C. section 2244(d)(2)). Although petitioner suggests that the California Supreme Court's timeliness finding amounted to an unreasonable application of state law (see Doc. # 29 at 14), this Court is in no position to question the California Supreme Court's application of California law.

Petitioner also faults the Magistrate Judge for finding that, at all relevant times, or at least no later than September 27, 2016, petitioner had a copy of his trial record. [Doc. # 29 at 5-6.] According to petitioner, this finding was incompatible with the Magistrate Judge's acknowledgment that Legal Insights identified documents that it had in its possession that "were not in the trial record that petitioner had." [Doc. # 22 at 4.] However, this reference pertained to only a handful

of documents, some of which would not have been part of petitioner's trial record, but rather gathered or generated after his conviction.[1] [See Doc. # 21-2 at 176-77.] Moreover, to the extent that some of the documents were part of the trial record, petitioner fails to explain how any of those documents was necessary to support any of the claims for relief that he has asserted in this action. Further, to the extent that petitioner lacked copies of those documents, there is no reason to believe that Legal Insights was responsible.[2] In any event, as the Magistrate Judge noted, petitioner's repeated citations to the trial record in his correspondence to Legal Insights shows that, at all relevant times, he possessed a copy of the relevant portions of the trial record. [See, e.g., Doc. # 22 at 4, 13-14, 15.]

Finally, petitioner contends that, contrary to the Magistrate Judge's findings, petitioner "had no knowledge of the need to file a protective habeas petition in the federal court prior to filing his habeas petition in the [California] Supreme Court." [Doc. # 29 at 17-18.] This contention is meritless because petitioner was explicitly advised to file a protective federal habeas petition before he filed any of his state habeas petitions. What is more, he was advised to do so while there was ample time remaining on the one-year AEDPA limitations period. [See Doc. # 12-2 at 168.] Although petitioner maintains that "he did not see the necessity to consume the resources of the federal court by filing a protective petition prematurely," he ignores the fact that all protective petitions are filed "prematurely." Indeed, that is the entire point of filing a protective petition. See

---

[1] The Magistrate Judge noted this fact in his R&R:

> [P]etitioner maintains that Legal Insights committed misconduct by refusing to comply with his request to return his property. Although petitioner, in his Opposition, does not identify the specific property to which he is referring, a review of the correspondence between petitioner and Legal Insights appears to show that the property at issue, by and large, consists of files generated or gathered by Legal Insights regarding a proposed collateral attack to petitioner's conviction and sentence.

(Docket No. 22 at 11).

[2] The Court notes that Legal Insights identified an enormous amount of documents pertaining to petitioner's case that it had in its files. (See Docket No. 21-2 at 179-81). Of those documents, petitioner requested only eight. (See id. at 177-78).

4

Pace v. DiGuglielmo, 544 U.S. 408, 416, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005) (explaining that option of filing protective petition is designed to avoid "predicament" of "a 'petitioner trying in good faith to exhaust state remedies may litigate in state court for years only to find out at the end that he was never properly filed,' and thus that his federal habeas petition is time barred"). What is more, the fact that petitioner eventually filed a protective petition, albeit too late, shows that he could have done so at any point.

**CONCLUSION**

Based on the foregoing and pursuant to 28 U.S.C. § 636, the Court has reviewed the First Amended Petition, the other records on file herein, the Magistrate Judge's Report and Recommendation, and petitioner's Objections to the Report and Recommendation. The Court has engaged in a de novo review of those portions of the Report and Recommendation to which objections have been made. The Court concurs with and accepts the findings and conclusions of the Magistrate Judge.

ACCORDINGLY, IT IS ORDERED:

1. The Report and Recommendation is accepted.
2. Respondent's Motion to Dismiss is granted.
3. Judgment shall be entered denying and dismissing the First Amended Petition with prejudice.
4. The clerk shall serve this Order and the Judgment on all counsel or parties of record.

DATED: December 26, 2019

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE

5